UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY HARGROVE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-2687 |
| | § | |
| COURTNEY R. PALMERTREE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff, a state inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ-CID) proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that he was subjected to excessive force by several officers at the Ferguson Unit of TDCJ-CID. (Docket No. 1.) One of the named defendants, Earnest Sapp, Jr., did not respond to the summons and complaint and the Court directed entry of default against him. (Docket No. 59 at 6.) The remaining defendants, Michael McGoon, Billy Palmertree, and David Turrubiate, have answered the Complaint and declined to file a summary judgment motion, citing the existence of genuine issues of material fact requiring a trial. (Docket No. 60.) Before the Court are Plaintiff's Motion for Appointment of Counsel (Docket No. 63) and Plaintiff's Motion for Default Judgment against Defendant Sapp, Jr. (Docket No. 62).

Although a civil rights complainant has no right to the automatic appointment of counsel, *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982) (per curiam), a district court has the discretion to appoint counsel if doing so would advance the proper administration of justice. 28 U.S.C. § 1915(d); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). In this case, the Court finds that appointment of counsel for Plaintiff is necessary for the just and proper resolution of this

case. Thus, Plaintiff's Motion for Appointment of Counsel (Docket No. 60) is GRANTED. The Clerk of Court will solicit *pro bono* counsel to represent Plaintiff in this case. Once counsel for Plaintiff has made an appearance, the Clerk will then schedule the case for an initial pretrial conference.

Regarding Plaintiff's motion for default judgment, the Court previously ordered entry of default against Earnest Sapp, Jr. (Docket No. 59 at 6), however, further proceedings are required to determine the amount of damages, if any, to be assessed against this defendant. Thus, Plaintiff's Motion for Default Judgment against Defendant Sapp, Jr. (Docket No. 62) is DENIED at this time.

It is so ORDERED.

SIGNED at Houston, Texas, this 7th day of August, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE